Filed 5/3/23  P. v. Garcia CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080852 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF125016) |
| ADRIAN ALFRED GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, William S. Lebov, Judge.  (Retired Judge of the Yolo Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Adrian Alfred Garcia, in pro. per.; and Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2006, a jury convicted Adrian Alfred Garcia of attempted murder (Pen. Code,[1] §§ 664 & 187, subd. (a)) and found true a firearm allegation under section 12022.53, subdivisions (c) and (d).  The jury also found true a

---

[1]    All further statutory references are to the Penal Code.

gang enhancement under section 186.22, subdivision (a) and convicted Garcia of being a felon in possession of a firearm (§ 12021, subd. (a)).

Following a resentencing hearing in 2010, Garcia was sentenced to an indeterminate term of 40 years to life.

In 2022, Garcia filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6). The court appointed counsel, reviewed the record of conviction, and held a hearing. At the hearing, the parties agreed Garcia was tried as a direct aider and abettor and that no jury instructions were given on felony murder of natural and probable consequences. The trial court denied the petition for resentencing.

Garcia filed a timely notice of appeal.

Appellate counsel has filed a brief consistent with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error. We offered Garcia the opportunity to file his own brief on appeal. Garcia has filed a supplemental brief which we will discuss later in this opinion.

STATEMENT OF FACTS

Counsel has provided a short summary of the facts of the offense, which we will adopt for convenience.

On July 14, 2005, two Hispanic males yelled "Eastside Riva" from their car at the victim. The men got out of their car and walked toward the victim. According to the victim, Garcia pulled out a revolver and fired at the victim, striking him in the right hand and right thigh. An anonymous witness provided a license plate number of the vehicle driven by the Hispanic men. On July 21,2005, a routine traffic stop was conducted on that vehicle for a broken taillight and police determined that Garcia was an occupant of the

2

car.  Police obtained permission to search his residence, and found a loaded .38 caliber revolver with extra ammunition, and various items with "Eastside" and "ESR IE 14" in the residence.  The victim of the shooting later identified Garcia from a six-pack photo lineup.

At the hearing on the petition, defense counsel informed the court that according to the Court of Appeal opinion, Garcia was convicted on a direct aiding and abetting theory.

## DISCUSSION

As we have noted, appellate counsel has filed a brief consistent with *Wende* and asks us to independently review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has listed possible issues that were considered in evaluating the potential merits of this appeal.

1.  Did the trial court err in denying the petition for lack of finding the petition presented a prima facie case for relief under section 1172.6?

2.  Whether the court erred in treating defense counsel's statement as dispositive.

3.  Was trial counsel ineffective for stating what appeared to be the case based on the prior Court of Appeal opinion?

In his supplemental brief, Garcia states he did make prima facie showing of eligibility for relief under section 1172.6.  Garcia cites *People v. Lewis* (2021) 11 Cal.5th 952 in support of his position the trial court erred in denying his petition without issuing an order to show cause.  Essentially, Garcia claims he was just the driver of the car and even if he encouraged the shooter by yelling "shoot, shoot" that would not imply malice.  Finally, Garcia recognizes both counsel agreed he was tried as a direct aider and abettor and

that the trial court reviewed the record of conviction. He argues the trial court erred because it did not specify what parts of the record were reviewed.

We have considered Garcia's submission in light of the record on appeal. We find Garcia's arguments do not raise any arguable issues for reversal on appeal.

We have reviewed the entire record consistent with *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Garcia on this appeal.

## DISPOSITION

The order denying Garcia's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

KELETY, J.